# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 11-20021-CM-02** |
| **JEROME M. BROWN,** | ) | **15-2410-CM** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Petitioner Jerome M. Brown filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that the underlying crime on which his conviction was based—Hobbs Act robbery—is no longer considered a crime of violence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 123.) But on January 15, 2019, the Supreme Court decided *Stokeling v. United States*, 139 S. Ct. 544, 554–55 (2019). *Stokeling* resolved the issue against petitioner.

Petitioner concedes that *Stokeling* means he is not entitled to relief. (Doc. 156, at 1.) He further concedes that dismissal of his § 2255 motion is warranted. (*Id*. at 2.) The court therefore dismisses petitioner's § 2555 motion because *Stokeling* precludes his argument that Hobbs Act robbery is no longer considered a crime of violence. Also, the court declines to issue a certificate of appealability because no reasonable jurist would find the court's assessment of petitioner's constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004).

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion to Vacate Sentence (Doc. 123) is dismissed.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this <u>5th</u> day of March, 2019, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**